UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KINGVISION PAY-PER VIEW LTD.
as Broadcast Licensee of the October 2, 2004
TRINIDAD/MAYORGA Program

                                  Plaintiff,          05 Civ 1042 (GBD)
                                                                 MEMORANDUM OPINION
                                                                 AND ORDER

                  -against-


JOSE BRITO, Individually and as officer, director,
shareholder and/or principal of REPOSTERIA SUM
INC. d/b/a REPOSTERIA SUM INC., and
REPOSTERIA SUM INC. d/b/a REPOSTERIA SUM
INC.,
                                  Defendants.
------------------------------------------------------------x
GEORGE B. DANIELS, District Judge

      Plaintiff brought suit asserting violations of the Communications Act of 1934 for an illegal cable broadcast of a boxing match at defendant's restaurant. After defendant failed to file an answer to the complaint, a default judgment was entered and the case was referred to Magistrate Judge Ronald Ellis for an inquest on damages. Subsequently, *pro se* defendant moved to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6). For the reasons stated below, defendants' motion is denied.

      Plaintiff Kingvision Pay-Per-View Ltd. is a distributor of television programs. Plaintiff asserts that defendants, Jose Brito and Reposteria Sum, Inc., of which Brito is the principal owner, unlawfully intercepted, received, and de-scrambled the pay-per-view broadcast to exhibit the Trinidad-Mayorga boxing match. Plaintiff filed suit on January 26, 2005 claiming that defendants' prohibited exhibition of the boxing match violated the Communications Act of 1934, 47 U.S.C. § 605 (a), 47 U.S.C. § 605 (e)(4), and 47 U.S.C. § 553. On April 18, 2005 a default

judgment was entered against defendant Brito. Subsequently, on April 19, 2005, Brito filed a motion to dismiss the complaint on the grounds that: (1) he was not in control of the business or premises at the time of the alleged violation and (2) cable service was not installed at the time of the alleged violation.

Since default judgment was already granted, the Court will treat defendants' motion to dismiss as a motion to vacate default judgment. Under Fed. R. Civ. P. 60(b), a motion to vacate is addressed to the sound discretion of the district court. Because Rule 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances. Mendell In Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990). Rule 60(b)(1) permits the reopening of a judgment entered against a party due to mistake, inadvertence, surprise, or excusable neglect. Id.

*Pro se* defendant Brito fails to set forth any legal basis for the requested relief under Rule 60. It is therefore appropriate to analyze his claims under the excusable neglect standard. Where a defendant asserts excusable neglect, courts employ a three prong test to determine whether relief from a default judgment should be granted. Courts consider: (1) whether the default was willful; (2) whether the defendant demonstrates the existence of a meritorious defense; and (3) whether, and to what extent, vacating the default will cause the non-defaulting party prejudice. See American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996). In the context of a default judgment, conduct that is more than merely negligent or careless is deemed willful. See Id. at 60. To establish a meritorious defense, "the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." S.E.C. v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998). Opening a default

may prejudice a litigant in a number of ways. Delay, itself, may be a sufficient basis for establishing prejudice if it will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." See Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983).

Defendant fails to satisfy the first prong of this test which requires him to prove that his default was not willful. Defendant was fully aware of the potential liability of this lawsuit. Despite this, he failed to respond and answer plaintiff's complaint. Apparently, defendant first contacted plaintiff prior to the filing of this lawsuit in response to a claim letter. Plaintiff's memorandum in opposition to defendant's motion explains that both parties not only engaged in settlement negotiations prior to default, but also notes that defendant had an attorney who communicated with plaintiff's counsel on defendant's behalf. These facts, which have not been disputed by defendant, suggest that even though defendant understood his obligation to answer the complaint, and had consulted with counsel, he failed to act until after receiving notice that a default judgment was entered. Because defendant has insufficiently explained his failure to respond to the complaint, this Court finds that his default was willful. See McNulty, 137 F.3d at 738 (noting that the Court may find that a default was willful if the egregious conduct of counsel or litigant was not satisfactorily explained).

In his motion to dismiss, defendant argues that because the premises were leased to a commercial tenant at the time of the alleged violations, and therefore beyond his supervision, he is not liable for cable theft. This assertion alone is not sufficient evidence of facts that would constitute a defense. It is well settled that a defendant may be held vicariously liable if he had the right and ability to supervise the infringing activities and possessed a financial interest in the

exploitation of the copyrighted material. See Shapiro, Bernstein & Co v. H.L. Green Co., 316 F.2d 304, 307 (2d Cir. 1963). Even if this Court accepted defendant's defense, his failure to satisfy the first prong of the excusable neglect standard precludes granting the requested relief. Moreover, this Court may deny a motion to vacate without addressing the issue of prejudice if it finds that the default was willful and is unconvinced that the defaulting party has a meritorious defense. See McNulty, 137 F.3d at 738. Because of defendant's unexplained failure to timely answer the complaint, justice does not compel setting aside the default judgment. Accordingly, defendant's motion is denied.[1]

Dated: July 19, 2005
New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[1] This case has been referred to Magistrate Judge Ronald Ellis for an inquest of damages. If defendant wishes to dispute the amount of damages to be assessed against him, he may argue to the Magistrate Judge why minimal damages should be awarded.