UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KINGVISION PAY-PER-VIEW LTD.
As Broadcast Licensee of the OCTOBER 2, 2004
TRINIDAD-MAYORGA Program,

       Plaintiff,

   - against -

JOSE BRITO, et. al.,

       Defendants.

REPORT AND
RECOMMENDATION

05 Civ. 1042 (GBD) (RLE)

**To the HONORABLE GEORGE B. DANIELS, U.S.D.J.:**

## I. INTRODUCTION

Plaintiff Kingvision Pay-Per-View, Ltd. ("Kingvision"), initiated this action against Jose Brito and Reposteria Sum, Inc. (collectively, "defendants"), on February 2, 2005, alleging violations of the Communications Act of 1934, 47 U.S.C. §§ 553(a), 605(a) and 605(e)(4). Kingvision is a distributor of television programs, and owns the rights to the October 2, 2004 Trinidad-Mayorga boxing event, which was broadcast via closed circuit television and encrypted satellite signals. It maintains that defendants unlawfully intercepted its transmission, and exhibited the Trinidad-Mayorga boxing event. On April 13, 2005, the Honorable George B. Daniels entered a default judgment against defendants, and referred the matter to the undersigned for an inquest on damages. Kingvision seeks $10,000 in damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), an award of $100,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) in the amount of $2,150. For the reasons which follow, I recommend that a judgment be entered for Kingvision in the amount of $30,000.

## II. DISCUSSION

Brito has been adjudged in default by the order entered by Judge Daniels. Thus, Brito's liability for violations of 47 U.S.C. §§ 553(a), 605(e)(3)(B)(iii), 605(e)(3)(C)(i)(II) and 605 (e)(3)(C)(ii) are established on the well-pleaded allegations of the complaint. *See* **Bambu Sales, Inc. v. Ozak Trading Inc.**, 58 F.3d 849, 854 (2d Cir. 1995). "[W]hile a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." **DIRECTV v. Hamilton**, 215 F.R.D. 460, 462 (S.D.N.Y. 2003) (citation omitted). "In determining damages not susceptible to simple mathematical calculations, a court has the discretion to reply on detailed affidavits or documentary evidence in lieu of an evidentiary hearing." **Id**. (citation omitted). The Court directed Kingvision to submit a memorandum, affidavit, and any other documentation in support of its application for statutory damages. Kingvision requests an award of statutory damages pursuant to 47 U.S.C. §§ 605(e)(3)(C)(i)(II) and 605 (e)(3)(C)(ii), or, alternatively, § 553(a). Although Kingvision has established defendants' liability under both § 553 and § 605, it can recover under only one statute. *See* **International Cablevision, Inc. v. Sykes**, 75 F.3d 123, 129 (2d Cir. 1996). It elects to recover under § 605. Kingvision's Inquest Memorandum ("Inquest Mem.") at 5.

**A. Statutory Damages Pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II)**

The Court has discretion in assessing an award of damages under § 605. *See* **Time Warner Cable of New York City v. Taco Rapido Rest.**, 988 F.Supp. 107, 111 (E.D.N.Y. 1997). The measure of statutory damages for violations of 47 U.S.C. §§ 605(a) and 605(e)(4) is set forth in 47 U.S.C. § 605(e)(3)(C)(i)(II). In pertinent part, that section provides that:

> the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

47 U.S.C. § 605(e)(3)(C)(i)(II).

Kingvision requests that the Court award the maximum statutory damages of $10,000. In support of its contention, Kingvision maintains that defendants' illegally accessed its transmissions. Inquest Mem. at 3-4. It argues that defendants' display of the event increased the number of patrons, and their profits from the sale of food and beverages. **Id**. at 2. Kingvision maintains that the Trinidad-Mayorga event was exhibited to thirty-five people: twenty people in the establishment and fifteen others who observed from outside. ***See*** Affidavit of Carl Thomas ("Thomas Aff."), attached to Inquest Mem. as Exh. B.

When assessing damages under § 605, the Court has broad discretion, and can multiply the number of patrons present at the unauthorized broadcasting by a specific dollar amount, or where the exact number of patrons is unknown, it can impose damages based on what it considers just. ***See* Garden City Boxing Club, Inc. v. Rosado**, 2005 U.S. Dist. LEXIS 27108, at *7-8 (E.D.N.Y. Oct. 6, 2005). The Court may apply also a multiplier to the minimum statutory rate; apply a multiplier to the cost of obtaining a license to broadcast the event legally; or assess a per customer charge. **Kingvision Pay-Per-View Ltd. v. El Rey Del Bistec Y Caridad, Inc**. 2001 U.S. Dist. LEXIS 20531, at *5 (S.D.N.Y. Dec. 12, 2001).

The Court's task is to determine the award of damages that best accomplishes the provision's statute. **Kingvision v. Olivares**, 2004 U.S. Dist. LEXIS 6261, at *10 (S.D.N.Y. Apr.

5, 2004). Since Kingvision has failed to provide information on the costs associated with broadcasting the same event legally, the Court is unable to determine the market value of the service, or the revenue lost in connection with the unauthorized exhibition. In **Olivares**, the court held that damages should be proportional to the size of the establishment, and that small businesses need less monetary deterrence to prevent theft. The court found that a small establishment, similar to defendants in this case, should pay $5,000. **Id**. at 10-11. Accordingly, I recommend that the Court grant an award of $5,000.

**B. Statutory Damages Pursuant to 47 U.S.C. § 605(e)(3)(C)(ii)**

Kingvision also contends it is entitled to an award of statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii). The section provides, in pertinent part that:

> In any case in which the court finds that the violation was committed wilfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory by an amount of not more than $100,000 for each violation of subsection (a)

47 U.S.C. § 605(e)(3)(C)(ii).

Kingvision contends that defendants intercepted more than one event. Inquest Mem. at 7. It alleges, for instance, that defendants exhibited a program, the Back to Back to Back event, on November 13, 2004, three days after they received a letter apprising them of the potential consequences of their unlawful conduct. Affidavit of Lee Packtor ("Packtor Aff.") attached to Inquest Mem. as Exh. E.

Defendants were not authorized to exhibit the broadcast. *See* Plaintiff's Event Legal List ("Legal List"), attached to Inquest Mem. as Exh. A. Defendants engaged in unauthorized conduct to intercept the fight. The willful conduct was reasonably calculated to increase the amount of

4

patrons and profits from food and beverages, which qualifies as commercial advantage and private financial gain under the statute. Accordingly, Kingvision is entitled to additional damages.

Courts use a variety of factors in determining whether a defendant's willful conduct justifies enhanced damages. *See* **El Rey**, 2001 U.S. Dist. LEXIS 20531, at *6-7. These factors include "repeated violations over an extended period of time; substantial monetary gains; significant actual damages to plaintiff; defendant's advertising for the intended broadcast of the event; and defendant's charging a cover charge or charging premiums for food and drinks." **Id**. It is also reasonable to increase an actual or statutory damages award by a specific factor to penalize a defendant for willful acts. The court may use a factor of five to calculate enhanced damages. *See, e.g.,* **Olivares**, 2004 U.S. Dist. LEXIS 6261, at *12; **Broadcast Music, Inc. v. R Bar of Manhattan, Inc.**, 919 F.Supp. 656, 660 (S.D.N.Y 1996); **Cable/Home Communications Corp. v. Network Productions, Inc.**, 902 F.2d 829, 852 (11th Cir. 1990).

Kingvision alleges that the defendants's act caused it significant damages. Affidavit of Donna K. Westrich ("Westrich Aff.") at 14. It contends that the company has been experiencing a decline in sales of pay-per-view broadcasts due to piracy by unauthorized and unlicensed establishments. Westrich Aff. at 10. Kingvision alleges that it has spent a substantial amount of money in the prosecution of this type of cases, and has experienced difficulty retaining representation due to small judgments that are of dubious collectability. Inquest Mem. at 16.

I recommend that the Court apply a factor of five to the award of statutory damages and find an enhanced damages of $25,000 for defendants's willfulness. The statutory damages of $5,000, coupled with enhanced damages of $25,000, adequately reflect Kingvision's damages.

### C. Attorney's Fees and Costs

Kingvision initially sought an award for court costs including filing and service fees, and attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). Affidavit of Julie Cohen Lonstein ("Lonstein Aff."). However, in a subsequent letter, counsel withdrew its request for attorney's fees and costs. Plaintiff's Letter to the Court ("Lonstein Letter"), dated Jan. 17, 2006. I recommend there be no award of attorney's fees and costs.

### III. CONCLUSION

For the reasons set forth above, I recommend that the Court award Kingvision statutory damages of $5,000, and enhanced damages of $25,000, for a total of $30,000.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable George B. Daniels, 40 Centre Street, Room 410, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**, 474 U.S. 140, 150 (1985); **Small v. Secretary of Health and Human Services**, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: February 15, 2006
New York, New York

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

**Copies of this Report and Recommendation were sent to:**

Julie Cohen Lonstein, Esq.
Lonstein Law Office, P.C.
1 Terrace Hill, P.O. Box 351
Lonstein Professional Building
Ellenville, NY 12428

Jose Brito
40 St. Nicholas Pl., Apt. 5B
New York, NY 10031